WYLIE HUNNICUTT, ADMINISTRATOR OF THE ESTATE OF JAMES HUNNI-
CUTT, DECEASED, v. JASPER KIMBRELL, BY HIS GUARDIAN AD LITEM,
W. H. ABERNATHY, AND MRS. MYRA KIMBRELL.

(Filed 12 December, 1934.)

### Appeal and Error J e: Automobiles C i—

The charge of the court on the question of defendant's contributory
negligence upon evidence tending to show that defendant was walking
along the highway on the right side thereof in violation of a State High-
way ordinance is not held for reversible error for its failure to contain a
precise definition of contributory negligence.

CIVIL ACTION, before *Shaw, Emergency J.,* at April, 1934, Special
Term, of MECKLENBURG.

The evidence tended to show that the deceased, James Hunnicutt, on
or about 28 January, 1933, was walking on the right-hand side of the
highway, and that an automobile driven by Jasper Kimbrell and owned
by his mother, Myra Kimbrell, approached the deceased, traveling in
the same direction. The plaintiff alleged that the car driven by Jasper
Kimbrell, who was a minor, was a family car, and that he was operat-
ing it in a reckless and negligent manner, without keeping a proper
lookout and driving at an unlawful rate of speed, and that as a result
he negligently struck and killed James Hunnicutt. The defendant
alleged that the deceased was walking on the wrong side of the road in
violation of an ordinance duly adopted by the Highway Commission
requiring pedestrians to walk on the left-hand side of the highway, and
that as the car approached plaintiff's intestate he suddenly stepped in
front of the car, and that his injury and death was proximately caused
by his own negligence.

Issues of negligence, contributory negligence, and damages were sub-
mitted to the jury. The verdict declared that the defendant was guilty
of negligence, and that plaintiff's intestate also by his own negligence
contributed to his injury and death. Judgment was entered upon the
verdict that the plaintiff take nothing by his action, and the plaintiff
appealed.

*Carswell & Ervin for plaintiff.*
*Ralph V. Kidd for defendants.*

PER CURIAM. The assignments of error are based upon the charge of
the trial judge in failing to fully explain to the jury the applicable
principles of law.

BANK v. CARSON.

The judge defined negligence and proximate cause. While he did not give a formal definition of contributory negligence, he instructed the jury: "If plaintiff's intestate was walking on the right-hand side of the road, as claimed by the defendant, he was violating the law, and that would be negligence on his part, and if such negligence was the proximate cause of his injury and death, that would be contributory negligence upon his part, and his administrator would not be entitled to recover."

While the charge may be lacking in precise definition, nevertheless the case in all essential features involves a simple issue of fact. An examination of the charge in its entirety fails to produce the conclusion that there is reversible error warranting the overthrow of the judgment.

Affirmed.